United States District Court
Southern District of Ohio
Eastern Division

**Lonnie J. Savage,**

       **Plaintiff,**

                                  **Case No. 2:01-cv-89**
   **v.**                                      **Judge Smith**
                                    **Magistrate Judge Kemp**

**Stephen J. Hatcher,** *et al.***,**

       **Defendants.**

## ORDER

Plaintiff Lonnie J. Savage brings this action against defendants Stephen J. Hatcher Esq., Stephen J. Hatcher Co., L.P.A. (collectively "Hatcher defendants"), and Buckeye Check Cashing, II, Inc. d/b/a/ Express Payroll Advance ("Express"). Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and violations of the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. § 1345.01 *et seq.* Plaintiff asserts the FDCPA claim only against the Hatcher defendants and the OCSPA claim against all defendants. Defendant Express moves the Court to stay proceedings and compel arbitration, or in the alternative to dismiss or for summary judgment (Doc. 81). For the following reasons, the Court **GRANTS** defendant's motion to stay proceedings and compel arbitration.

### I. PROCEDURAL HISTORY

Defendant Express originally filed a motion to stay proceedings and compel arbitration on March 16, 2001 (Doc. 7). Subsequently, the Hatcher defendants filed a motion for judgment on the pleadings on March 19, 2001 (Doc. 12). The Court granted the Hatcher defendants' motion on March 7, 2002 (Doc. 33), dismissing the federal claim. Since all federal claims were

dismissed, the Court refused to exercise supplemental jurisdiction over the state law claims. The Sixth Circuit later partially reversed the decision and remanded the case back to this Court. See Savage v. Hatcher, No. 03-3437 (6th Cir. Sep. 7, 2004). Both the plaintiff and the Hatcher defendants have since filed motions for summary judgment. Defendant Express once again filed a motion to stay the proceedings and to compel arbitration, or in the alternative to dismiss or for summary judgment. Defendant Express incorporates its original motion to compel arbitration (Doc. 7) and its corresponding reply brief (Doc. 16).

## II.  DISCUSSION

The parties' loan agreement ("Agreement") contains the following clause:

> To purse [sic] any claim, demand dispute or cause of action ("claim") arising under this Agreement or any breach or default thereof, the claimant must submit to the other party in writing an explanation of the claim and a demand that the claim be resolved by arbitration. If the other party does not respond to the submittal in writing within ten (10) days of its receipt, the claimant may purse [sic] the claim through arbitration, court action or any other means otherwise available. If the other party responds to the submittal in writing within ten (10) days of its receipt, the claim must be submitted to binding arbitration....

(Pl. Mot. S.J., Ex. A). Plaintiff asserts that two requirements must be met before arbitration becomes mandatory under the Agreement: (1) a party must make a written demand for arbitration; and (2) the other party must consent. Since neither of these events has occurred, plaintiff believes he is not required to arbitrate the present dispute. The Court disagrees. While the Agreement clearly lays out a procedure to follow in initiating the arbitration process, plaintiff reads the provision too narrowly. The Agreement clearly states that in order to pursue "*any claim*...arising under this Agreement...the claimant *must* submit to the other party in writing...a demand that the claim be resolved by arbitration." (Pl. Mot. S.J., Ex. A) (emphasis added). In

2

other words, the parties have agreed that arbitration is the designated method of resolving any disputes, and if either party has a claim under the Agreement they must make a written demand to arbitrate the claim.  The Agreement is structured so that any claim must be settled by arbitration unless the other party releases the claimant from the arbitration requirement.

This interpretation of the Agreement is consistent with the federal policy in favor of arbitration.  The U.S. Supreme Court has stated that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration...." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).  Furthermore, "where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Technologies, Inc. v. Communications Workers of Am., 475 U.S. 643, 650 (1986) (internal quotations omitted).  The loan agreement's broad language clearly covers the present dispute.  Granting defendant's motion to stay the current proceedings is consistent with this general policy in favor of arbitration.

Plaintiff also avers that Express' own actions in retaining defendant Hatcher to collect the debt constitutes a waiver of the right to arbitrate.  The Court disagrees.  A lender's retention of counsel for debt collection is distinguishable from asserting a legal claim.  It would be inefficient and unreasonable to require a lender with an arbitration clause in their loan agreements to pursue arbitration in order to collect every unpaid debt.  Lenders must first have the option of retaining a third party for debt collection, and only if unsuccessful would they then have a "claim" under the

loan agreement for the unpaid loan.[1]

Finally, plaintiff alleges that defendant Express materially breached the loan agreement by retaining Hatcher to collect the debt instead of offering a written demand for arbitration. This argument fails for the same reasons that plaintiff's waiver argument fails. The use of a third party to collect a debt is distinguishable from pursuing a legal claim against the borrower for the unpaid balance.

Therefore, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, the Court "shall...stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...."  9 U.S.C. § 3. Since plaintiff's corresponding claims against the Hatcher defendants are sufficiently intertwined with the state claim against Express, the Court also stays proceedings on those claims pending the outcome of the arbitration. The parties shall give the Court notice of the outcome of the arbitration so that further proceedings can be held on the remaining claims.

The Court also denies all three pending motions for summary judgment *without prejudice*. These motions shall be subject to renewal upon completion of the arbitration.

### III.  DISPOSITION

For all of the foregoing reasons, the Court **GRANTS** defendant Express' motion to stay the proceedings and to compel arbitration. The Court also **DENIES** the three pending motions

---

[1] Plaintiff points out that defendant Hatcher's collection letter makes no mention of arbitration. Rather, the letter gives notice of Express' intent to pursue a civil action against plaintiff if repayment is not made. Pursuant to the loan agreement, Express would be required to give written notice of its intent to arbitrate any claim against plaintiff before initiating any civil action in court. The Court acknowledges that the wording of Hatcher's letter is not in line with the terms of the arbitration clause. However, the Court does not believe that the threat of pursuing a civil action manifested in a third party's collection letter is sufficient in itself to waive the right to arbitration.

for summary judgment without prejudice.

      The Clerk shall remove Docs. 48, 49, 62, and 81 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                        /s/ George C. Smith
                                        **GEORGE C. SMITH, JUDGE**
                                        United States District Court